KAREN P. HEWITT
United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California State Bar No. 112520
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5685/(619) 557-7055(Fax)
Email: Melanie.Pierson@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 04CR1610-W |
| Plaintiff, | DATE: March 26, 2007<br>TIME: 10:00 a.m. |
| v. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| DAVID PALUMBO, | |
| Defendant. | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and Melanie K. Pierson, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's Motion for Early Termination of Supervised Release. Said response and opposition is based on the files and records of the case and the attached memorandum of points and authorities.

I

STATEMENT OF FACTS

On October 5, 2004, defendant David Palumbo, bodybuilder and editor in chief of Rx Muscle magazine and Muscular Development magazine, pled guilty to the charge of conspiring to unlawfully distribute human growth hormone. Palumbo obtained counterfeit Serostim (a form of human growth hormone) from Bill Young in San Diego, California, and sold it to bodybuilders who did not possess

a lawful prescription. Palumbo acknowledged that between July 1, 2002 and August 13, 2002, he received in New York two shipments of fifty boxes each of Serostim from Bill Young in San Diego.

Palumbo sold ninety boxes of counterfeit Serostim between June 2002, and September 2002, for about $63,000 to bodybuilders who he knew could not provide a valid prescription from a physician that would allow them to receive the product. The remaining ten boxes he received from Young were personally used by Palumbo.

Serostim is a prescription drug containing the active ingredient "somatropin," a form of human growth hormone. Serostim is approved by the U.S. Food and Drug Administration ("FDA") for use in the United States solely to treat AIDS wasting.

On December 17, 2004, defendant Palumbo was sentenced to five months in custody, followed by five months of home detention, and a $3,000 fine. The court imposed a three-year term of supervised release. (See Judgement and Commitment Order, attached hereto as Exhibit 1.) At the time of sentencing, the government recommended a sentence of fifteen months in custody.

II

POINTS AND AUTHORITIES

THE DEFENDANT'S SUPERVISED RELEASE
SHOULD NOT BE TERMINATED EARLY

The defendant seeks early termination of supervised release, pursuant to Title 18, United State Code, Section 3583(e)(1), citing the fact that he is in compliance with the terms of supervised release and his desire to travel internationally. The Ninth Circuit noted that "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances–for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release–will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (9th Cir. 1997).

2

The defendant has not demonstrated "exceptionally good behavior." He asserts only that he has been law abiding and complied with all terms of supervised release, which is the minimum expected of a person on supervised release. He has not demonstrated that the length of supervised release (thirty-six months, of which he has served only eighteen months) was too harsh or inappropriately tailored. The defendant received a very lenient sentence from the court in light of his conduct (unlawful sale of human growth hormone, which was counterfeit). Because he received a sentence of only five months in custody (when the government had recommended a sentence of 15 months in custody), followed by five months of home detention and a small fine ($3,000), the supervised release term was a major component of his sentence.

The defendant seeks to travel internationally, implying that he needs to travel abroad to earn a living. However, a visit to the defendant's personal website reveals a listing of thirty-nine personal appearances the defendant already has scheduled to date for the year 2007, averaging almost an appearance a week. (See listing of 2007 appearances, attached hereto as Exhibit 2.) With such a full schedule already, it is difficult to imagine how the defendant would find time to travel internationally to other events not already scheduled. The full schedule also makes it clear that the defendant is able to earn a good living simply appearing within the United States, without traveling to competitions abroad.

In addition to making personal appearances as a bodybuilder, the defendant is also employed as the editor of RX Muscle magazine and the Editor in Chief of Muscular Development magazine since at least August 19, 2006. While the defendant's moving papers suggest that he just recently accepted the position of editor of Muscular Development magazine, it appears that he has held this position for at least the past seven months. (See Mission Statement of Dave Palumbo, Editor in Chief, Muscular Development magazine, August 19, 2006, attached hereto as Exhibit 3). His moving papers note that as editor of Muscular Development magazine, "he will be required to attend body building contests throughout the Country and report on these events." The papers do not assert that he needs to travel internationally on behalf of Muscular Development magazine.

The defendant's moving papers assert without further proof that "other nations to which he would travel greatly restrict the entry of people on supervised release." The request does not name a country to which the defendant seeks to travel from which he might be barred. The papers do note that Mexico requires advance paperwork for such travel, which is inconvenient for the defendant to obtain. However, his list of appearances for 2007 (see Exhibit 2) includes an appearance in Canada, so clearly not all international travel poses a problem. As such, his need for early termination of supervised release is speculative, at best.

In considering the motion to terminate supervised release, pursuant to Section 3583(e) of Title 18, the court is directed to consider the factors set forth in Section 3553, including the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." Thus far, rather than deterring criminal conduct, the defendant's sentence instead has been used by Palumbo to enhance his credibility in the world of "chemically enhanced" body builders and to create as many opportunities for personal profit as possible. The defendant now markets a line of clothing called "Legal Muscle Gear," which pictures a heavily muscled body builder in handcuffs, and exhorts consumers to "Express your allegiance to the Iron Brotherhood! Buy one for a friend!" (See Exhibit 4, advertisement in Muscular Development magazine, March 2007.) The defendant also offers for sale his book, "Perfect Prison Physique," through Muscular Development magazine and his own website. (See Exhibit 5, column of Dave Palumbo in Muscular Development magazine, March 2007.)

Moreover, the defendant has used the forum of the bodybuilding magazines he writes for to mock his sentence and the legal process. In the March 2005 issue of Muscular Development magazine, in an article entitled, "The Last Supper: MD's Dave Palumbo Spills His Guts in an Exclusive Last Interview Before Going to Prison" (attached hereto as Exhibit 6), a headline asks "How much time, energy, manpower and money did the government spend on getting Dave what amounts to a five-month vacation at Club Fed?" Further into the article, the author writes, "Sending Dave up for even a day for this petty GH [growth hormone] beef is ludicrous," "He's basically doing time for what amounts to doing his job . . . not for being a drug dealer . . . for being a bodybuilder. Dave is no more guilty of dealing drugs than any other athlete from any sport consumed by the group's dynamic. Elite athletes

do drugs. What are they going to do, arrest them all?" The article also included two posed photographs of Palumbo, shirtless and in body building gear, behind bars, romanticizing Palumbo's prison sentence and portraying him as a victim rather than as an offender. Later, when Palumbo was released from custody, an article appeared in the November 2005 issue of Muscular Development magazine, entitled "Dave Palumbo Out of Prison: Exclusive Interview. Unleashed Freak." (attached hereto as Exhibit 7), which states "Dave alluded to the fact that he treated his stay at Camp Fed like a contest diet."

The March 2007 issue of Muscular Development magazine contains a smiling photograph of Palumbo with his attorney Rick Collins and Victor Conte (of BALCO), captioned "The lawyer and the convicts" (attached as Exhibit 8), and a sort of a blog which contains a reference to the sponsorship of a fight, noting that Dave Palumbo had offered "money and a bottle of fake GH" (attached hereto as Exhibit 9). All of this is evidence that the sentence imposed to date has been ineffective as deterrence for criminal conduct.

Moreover, of equal concern is the fact that the defendant continues to advocate the use of steroids and human growth hormone for body building purposes, which is a non-FDA approved use for those prescription drugs. This makes the purchase and sale of such drugs (necessary for their use) a federal offense, suggesting that the public still needs protection from future crimes of the defendant. Palumbo wrote an article in Muscular Development magazine on September 24, 2006 (well after his release from custody), in which he set forth his ultimate mass gaining program. (The article, entitled "Ultimate Mass," is attached hereto as Exhibit 10.) In the article, Palumbo advocates a sixteen-week drug cycle of various steroids (including testosterone cypionate) and human growth hormone. Moreover, in his column "The Anabolic Freak" in Muscular Development magazine, March 2007 (see Exhibit 5), the defendant advises a reader to use various injection points and not to reuse the same needle repeatedly in order to avoid unsightly scar tissue buildup in muscles. The unspoken truth is that needles must be re-used because there is no lawful prescription to go with the chemicals being injected, so it is difficult to obtain fresh needles for each injection.

III

CONCLUSION

Should the court elect to terminate Palumbo's supervised release early, it will be perceived and portrayed in the hard core body building community as further evidence that the original sentence imposed was too harsh for the conduct (admitted sales of $63,000 in illegal and counterfeit human growth hormone). This is in direct opposition to the need to afford adequate deterrence to criminal conduct, which the court is required to consider in deciding this motion, pursuant to Section 3583(e).

The justification provided by the defendant for the early termination of his supervised release (the need to travel abroad) is contradicted by the information from his own website regarding his full schedule of appearances, and is at best, speculative when it suggests that he might be prohibited from traveling to a country based on his status on supervised release. The defendant has not provided adequate justification for the early termination of his supervised release and the motion should be denied.

DATED: March 15, 2007.

KAREN P. HEWITT
United States Attorney


s/ Melanie K. Pierson

MELANIE K. PIERSON
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Melanie.Pierson@usdoj.gov

|     |     |     |
| --- | --- | --- |
| 1   | UNITED STATES DISTRICT COURT | |
| 2   | SOUTHERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 04CR1610-W |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| DAVID PALUMBO, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, MELANIE K. PIERSON, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of Government's Response in Opposition to Defendant's Motion for Early Termination of Supervised Release on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**FRANK J. RAGEN** (fjragen@aol.com)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 15, 2007.

s/ Melanie K. Pierson

MELANIE K. PIERSON
Assistant United States Attorney